NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

Nos. 10-4495, 10-4496
_____

DAEWOO ELECTRONICS AMERICA, INC., a Florida Corporation;
DAEWOO ELECTRONICS CORP., a (Korea) Corporation,
                                                                        Appellants

v.

T.C.L. INDUSTRIES (H.K.) HOLDINGS LIMITED;
O.P.T.A. CORPORATION f/k/a Lotus Pacific, Inc.


_____


On Appeal from the United States District Court
for the District of New Jersey (No. 3-08-cv-02287)
District Judge: Honorable Joel A. Pisano
_____

Submitted Under Third Circuit LAR 34.1(a)
October 26, 2011
_____

Before: SLOVITER, GREENAWAY, JR., *Circuit Judges*,
and POLLAK,* *District Judge*.

(Opinion filed: December 28, 2011)


_____


OPINION

_____

* Honorable Louis H. Pollak, Senior Judge, United States District Court for the Eastern
District of Pennsylvania, sitting by designation.

POLLAK, *District Judge*.

_____

I.

Because we write primarily for the parties, who are familiar with the factual and procedural history of the case, we provide only a brief summary here.

The lawsuit that gives rise to this litigation is the third of three lawsuits:

The first was a suit brought by Daewoo Electronics America, Inc. ("Daewoo") against O.P.T.A. Corporation ("Opta") in August 2005 in the California Superior Court for San Mateo County. Daewoo was a manufacturer of electronic equipment. GoVideo, a subsidiary of Opta, purchased DVD and VHS combination player and recorder units from Daewoo and sold them to retailers. Daewoo's initial suit against Opta was based upon a guaranty bearing the date December 4, 2003, in which Opta—under its former name, Lotus Pacific—and T.C.L. Industries (H.K.) Holdings ("TCL"), a minority shareholder in Opta, guaranteed payment to Daeweoo of up to $5,000,000 of GoVideo invoices accruing, unpaid, in "the 12 month period from the date of execution of this Guaranty (the "Term")." (APP0631.) The guaranty further provided that "Guarantors shall have no liability whatsoever for any Obligations incurred by the Debtor after the expiration of the Term." (*Id*.)

In November 2005, GoVideo sued Daewoo in the United States District Court for the District of New Jersey, alleging that items supplied to GoVideo by Daewoo were, in a variety of ways, defective, unlicensed, or counterfeit. Daewoo counterclaimed for unpaid

2

invoices and, when GoVideo did not defend, the District Court, on April 27, 2007, entered a default judgment in Daewoo's favor and against GoVideo, in the sum of $7,775,670.98.[1]

On May 13, 2008, a year after entry of the default judgment in Daewoo's favor, Daewoo filed suit in the New Jersey District Court against Opta and T.C.L.  The suit was predicated on the same guaranty that had been at issue in the California suit.  Daewoo contended that the "date of execution" of the guaranty—the date commencing the "12 month period"—was February 5, 2004, the date the guaranty, signed by officials of T.C.L. and Lotus Pacific (the former name of Opta), was transmitted to Daewoo.  Opta and T.C.L. contended that the "date of execution" was December 4, 2003, since the only date appearing in the guaranty was "December 4th, 2003."

The District Court filed an opinion on August 19, 2010 in which, applying New Jersey law,[2] the court addressed the parties' cross-motions for summary judgment:

> A Court must seek the meaning and intention of the parties when
> interpreting the terms of a contract. *In re S.A. Holding Co., LLC*,
> 357 B.R. 51, 58 (Bankr. D.N.J. 2006).  However, when the intention
> and meaning of the parties is "complete, clear, and unambiguous" on
> the face of a contract, extrinsic and parol evidence will not be
> permitted to create an ambiguity. *Wellington v. Estate of Wellington*,

---

[1] The California Superior Court had stayed the California suit in March 2006, pending the resolution of the suit brought by GoVideo in New Jersey.  After the entry of the New Jersey default judgment in Daewoo's favor, Daewoo withdrew the California suit.

[2] The guaranty specified that it "shall be a contract under, and be governed by, and construed and interpreted in accordance with, the law of the State of New Jersey, United States of America."  (APP0635.)

359 N.J. Super. 484, 495 (N.J. App. Div. 2003) (citations omitted). When a contract is clear on its face, the actual intent of the parties is ineffective because it is "the intent expressed or apparent in the writing that controls." *See Newark Publishers' Ass'n v. Newark Typographical Union*, No. 103, 22 N.J. 419, 427 (N.J. 1956).

Daewoo argues that the guaranty did not become effective until February 5, 2004, and has submitted evidence to show that the parties continued to negotiate the terms of the guaranty into January 2004, and that the signed guaranty was not delivered to Daewoo by T.C.L. and Opta until February 5, 2004. Declaration of Tai Cho [a Lawyer for Daewoo] in Support of Motion for Summary Judgment ("Cho Declaration"). In this case, the date that the guaranty became effective is a central issue. If the guaranty was in effect from December 4, 2003 through December 3, 2004, Daewoo cannot recover under the guaranty. If the guaranty was effective from February 5, 2004 through February 4, 2005, however, Daewoo may be able to recover $5,000,000 of the [$]7,775,670.98 default judgment it currently has against GoVideo.

Opta and T.C.L. agreed to guaranty GoVideo's obligations to Daewoo incurred during "the 12 month period from the date of execution of this Guaranty." The only date that appears on the fully executed guaranty is December 4, 2003. . . . The date appears at the top of the document, not on the signature page, and there is no space on the signature page for the signors to insert the execution date. The court finds that by including only one date at the top of the guaranty, and leaving no space to insert a date on the signature page, the parties have demonstrated their intent that the guaranty take effect on December 4, 2003. Had the parties intended a date other than December 4, 2003 as the effective date, they could have omitted that date at the top of the guaranty and included a space on the signature page for insertion of an execution date. The court concludes that the 12-month term of the guaranty began on December 4, 2003 and expired on December 3, 2004. The Court rejects . . . Daewoo's evidence, submitted after the fact, that the guaranty was not executed until February 5, 2004 because the guaranty is clear on its face and it appears that the Cho Declaration is offered in an effort to raise questions of fact.

*Daewoo Elecs. Am.*, *Inc. v. T.C.L. Indus. (H.K.) Holdings Ltd.*, No. 08-2287, 2010 WL

3311839, at *3 (D.N.J. Aug. 19, 2010).

The District Court held that "T.C.L. and Opta are, therefore, not contractually obligated to pay Daewoo under the guaranty, and Daewoo cannot maintain a cause of action against either defendant." *Id.* at *4.

In conformity with its holding, the District Court entered orders denying Daewoo's motion for summary judgment and granting the cross-motion of T.C.L. and Opta for partial summary judgment.

Daewoo filed a motion for reconsideration. The motion was denied on November 4, 2010.

II.

Daewoo appeals from the District Court's orders denying its summary judgment motion, granting T.C.L. and Opta's cross-motion for partial summary judgment, and denying Daewoo's motion for reconsideration. The District Court had jurisdiction under 28 U.S.C. § 1332. We have jurisdiction under 28 U.S.C. § 1291, and we will affirm.

Our review of a district court's decision on summary judgment is plenary: we view the facts in the light most favorable to the nonmoving party, draw all inferences in that party's favor, and affirm only if "there is no genuine issue as to any material fact and . . . the movant is entitled to judgment as a matter of law." *Spence v. ESAB Group*, *Inc*., 623 F.3d 212, 216 (3d Cir. 2010) (internal quotation marks and citation omitted). Whether a contract is clear or ambiguous is a question of law, over which our review is plenary. *Arnold M. Diamond*, *Inc. v. Gulf Coast Trailing Co*., 180 F.3d 518, 521 (3d Cir. 1999).

The crux of the parties' dispute is whether the date printed at the top of the guaranty document is its "date of execution"—the date on which the guaranty's 12-month term began to toll. "In interpreting a contract, [i]t is not the real intent but the intent expressed or apparent in the writing that controls." *Flanigan v. Munson*, 818 A.2d 1275, 1280 (N.J. 2003) (internal citations and quotation marks omitted). A court may look to extrinsic evidence to "uncover the true meaning of contractual terms," but not to vary an unambiguous contract. *Conway v. 287 Corp. Cntr. Assocs.*, 901 A.2d 341, 347 (N.J. 2006). "[A] contract is unambiguous if it is reasonably capable of only one construction."

6

*Inter Med. Supplies*, *Ltd*. *v*. *EBI Med. Sys.*, *Inc*., 181 F.3d 446, 457 (3d Cir. 1999)

(internal quotation marks and citation omitted).  That is the case here.[3]  Since "December

4th, 2003" appears at the top of the guaranty document, no other date appears on the

document, and the signature page does not contain a space for a date, there is only one

reasonable construction of the guaranty's date of execution: December 4, 2003.

III.

For the reasons stated above, we will affirm the challenged orders of the District

Court.

---

[3] The first page of the guaranty—the only portion of the document containing a date—and the guaranty's signature page are reproduced in an appendix to this opinion.

APPENDIX

The first page of the guaranty is reproduced here:

GUARANTY

December 4th, 2003

In order to induce Daewoo Electronics America Inc. (the "Creditor") to open a not-60 days account in favor of Opta Systems LLC, dba GO VIDEO (the "Debtor") and in consideration thereof, T.C.L. Industries (H.K.) Holdings Limited ("TCL") and LOTUS PACIFIC INC. ("LOTUS") (collectively "Guarantors") hereby agree as follows.

1.    Guaranty.    The Guarantors as primary obligors and not merely as surety unconditionally and irrevocably guarantee to the Creditor, its successors and assignees, the full payment when due (at the stated maturity, by acceleration or otherwise) and in accordance with their terms, of all obligations and liabilities of any nature whatsoever payable by the Debtor to the Creditor in connection with the goods delivered to the Debtor by Daewoo Electronics Corporation of Seoul, Korea, (the "Obligations"), regardless of how evidenced or documented, whether now existing or hereafter created, originally contracted with the Creditor or another, secured or unsecured, direct or indirect, absolute or contingent, matured or unmatured. Notwithstanding the aggregate amount of the Obligations outstanding at any time, the maximum liability of the Guarantors hereunder shall be limited to (a) Obligations for principal in an aggregate amount not exceeding U.S. $5,000,000 plus (b) Obligations for interest, fees and other amounts payable in connection with such Obligations for principal, plus (c) amounts payable by the Guarantors under clauses 7, 10 and 11 hereof; provided however, any payment by Guarantors pursuant to this Guaranty shall reduce the amount of the maximum liability of Guarantors hereunder. Guarantors shall have no liability whatsoever for any Obligations incurred by the Debtor after the expiration of the Term (as defined below).

This guarantee is intended to operate notwithstanding any renewals, extensions or indulgences of any kind granted the Debtor by the Creditor, or the release or change of any security given by the Debtor to the Creditor to secure the Debtor's payment promise ("Security"), or any failure or neglect on the part of the Creditor to enforce payment by the Debtor or to protect any Security, and the Creditor may call upon the guarantee as a first but subordinate to Wells Fargo's existing lien, principal obligation without previously demanding payment from the Debtor or any as guarantor or realizing any Security.

This guarantee is also intended to operate as a continuing, absolute obligation and shall remain in force for the 12 month period from the date of execution of this Guaranty (the "Term"). This Guaranty may not be terminated even after such 12 month period as long as there remains any amount owed under the Obligations by the Debtor to the Creditor.

-1-

8

Page 5 of the guaranty, which includes the signatures, is reproduced here:

14. Governing Law. This Guaranty shall be a contract under, and be governed by, and construed and interpreted in accordance with, the law of the State of New Jersey, United States of America.

T.C.L. Industries Holdings (H.K.) Limited

By: Vincent Yan, Managing Director

LOTUS PACIFIC, INC.

By: Steven Davis, CFO

-5-

9